UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARCELINO ALEJANDRO DORANTES MARIN (A-Number: 200-138-968),

Petitioner,

v.

WARDEN, Mesa Verde Detention Center; DIRECTOR OF SAN FRANSISCO FIELD OFFICE, U.S. Immigration and Customs Enforcement,

Respondents.

No.  1:26-cv-02691-KES-CDB (HC)

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION AND REQUIRING IMMEDIATE RELEASE

Doc. 2

Before the Court is petitioner Marcelino Alejandro Dorantes Marin's motion for temporary restraining order.  Doc. 2.  The Court has previously addressed the legal issues raised by the motion.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court set a briefing schedule on the motion for temporary restraining order and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the motion. Doc. 5.  The Court also ordered respondents to state their position on whether the motion should be converted to a motion for preliminary injunction and whether they request a hearing.  *Id.* Respondents state: "This case is not substantively different than the cases identified in the Court's order.  If the Court rejects Respondents' statutory argument, then Petitioner is entitled to

1

release." Doc. 7. While respondents oppose the motion, they do not raise any new arguments.[1] *See id.* at 1–3. They also do not object to converting the motion and do not request a hearing. *See id.* Petitioner filed a reply to respondents' response.[2]

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the motion for temporary restraining order is converted to a motion for preliminary injunction and GRANTED, for the reasons stated in those prior orders and in respondents' response, Doc. 7 at 3.

The Court ORDERS that respondents release petitioner Marcelino Alejandro Dorantes Marin (A-Number: 200-138-968) immediately. If the government seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition for writ of habeas corpus or other appropriate action.

///

///

---

[1] "Respondents maintain that Petitioner is detained under section 1225(b)" but concede that "[i]f the Court rejects this argument," they "would not have an alternate basis for Petitioner's continued detention." Doc. 7 at 3.

[2] In his reply, petitioner references his "medical conditions which should be considered by the Court," Doc. 8 at 2, but petitioner's filings do not set forth petitioner's medical conditions for the Court to consider.

The Clerk is directed to serve Mesa Verde ICE Processing Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    April 14, 2026

_____
UNITED STATES DISTRICT JUDGE

3