UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARCELINO ALEJANDRO
DORANTES MARIN
(A-Number: 200-138-968),

               Petitioner,

    v.

WARDEN OF THE MESA VERDE
DETENTION CENTER, *et al.*,

               Respondents.

Case No.  1:26-cv-02691-KES-CDB (HC)

FINDINGS AND RECOMMENDATIONS TO
GRANT PETITION FOR WRIT OF HABEAS
CORPUS

(Docs. 1, 9, 11)

**14-Day Objection Period**

### Background

Petitioner Marcelino Alejandro Dorantes Marin ("Petitioner"), a federal immigration detainee proceeding with counsel, initiated this action on April 9, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 1).  At the time of the filing of the petition, Petitioner was in custody of Immigration and Customs Enforcement ("ICE") at the Mesa Verde Detention Center in Bakersfield, California.  *Id*. at 2.  Petitioner filed a motion for temporary restraining order ("TRO") that same day.  (Doc. 2).  The Court directed Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders granting the writ.  (Doc. 5, citing cases).

On April 12, 2026, Respondents filed a response to the order to show cause.  (Doc. 7).  On April 15, 2026, the Court converted the motion for TRO into a motion for preliminary injunction,

1

granted it, and ordered Respondents to release Petitioner immediately.  (Doc. 9).  The assigned district judge referred the matter to the undersigned for further proceedings.  *Id*. at 2.

On April 16, 2026, the undersigned ordered Respondents to file either any supplemental briefing on the merits of the petition or a statement of intent to file no further briefing.  (Doc. 10).  Respondents thereafter filed a supplemental brief.  (Doc. 11).  Petitioner did not file any reply.

**Discussion**

The undersigned first addresses Respondents' arguments concerning mootness.  Respondents contend the Court should dismiss the petition as moot because the Court granted Petitioner the relief requested in the petition and Petitioner has been released from custody.  *See* (Doc. 11).

The undersigned finds that Petitioner's release from detention does not render this action moot.  Specifically, the preliminary injunction granted in this action did not adjudicate Petitioner's petition on the merits.  *See Gonzalez-Fuentes v. Warden*, No. 2:26-cv-00660-DAD-CSK, 2026 WL 915041, at *2 (E.D. Cal. Apr. 3, 2026) ("If the petition is not adjudicated on the merits, Petitioner faces a risk of future re-detention in the same manner that this Court barred through preliminary relief.") (citing *Im v. Semaia*, No. 5:25-cv-2733-JAK (Ex), 2026 WL 183856, at *1 (C.D. Cal. Jan. 23, 2026)); *Phan v. Becerra*, No. 2:25-cv-1757-DC-JDP, 2026 WL 622201, at *2-3 (E.D. Cal. Mar. 5, 2026) (recommending motion to dismiss be denied as "respondents have not satisfied their 'heavy burden of establishing that there is no effective relief remaining for a court to provide.'") (citing *GATX/Airlog Co. v. U.S. Dist. Ct. for N. Dist. of Cal.*, 192 F.3d 1304, 1306 (9th Cir. 1999)), *recommendation adopted*, 2026 WL 927930, at *1 (E.D. Cal. Apr. 3, 2026); *Cruz v. Lyons*, No. 5:25-cv-02879-MCS-MBK, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025) ("This Order [granting a preliminary injunction] and the Court's temporary restraining order do not adjudicate [p]etitioner's 28 U.S.C. § 2241 petition on the merits. … A habeas petition is not moot where preliminary relief is not made permanent.") (citing *Nielsen v. Preap*, 586 U.S. 392, 403 (2019)); *Martinez v. Wamsley*, No. 2:25-cv-01822-TMC, 2025 WL 2899116, at *3 (W.D. Wash. Oct. 10, 2025) (same).

Therefore, because the undersigned finds it necessary to address Petitioner's petition on the

merits, the undersigned will recommend that Respondents' request to dismiss as moot be denied.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. On the merits of the petition, Respondents advance no arguments in their supplemental briefing unique from those already considered by the Court in granting a preliminary injunction. *See* (Doc. 11). The undersigned finds that, for the reasons addressed in the Court's order granting a preliminary injunction—that Respondents are incorrect to argue that Petitioner's detention was mandatory under 8 U.S.C. § 1225(b)—the petition should be granted. *See* (Doc. 9 at 2 & n.2).

**Conclusion and Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus (Doc. 1) be GRANTED and that the Clerk of the Court be DIRECTED to enter judgment in favor of Petitioner and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within 14 days** after being served with these findings and recommendations, the parties may file written objections with the Court. Any objections filed should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these findings and recommendations under 28 U.S.C. § 636(b)(l)(C).

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **June 22, 2026**                    _____

UNITED STATES MAGISTRATE JUDGE